UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW FULHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 20-cv-5871 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Andrew Fulham filed this lawsuit to challenge the amount of income taxes that he paid to the Internal Revenue Service. He demands a refund. But there's a basic problem: he never asked the IRS for a refund by submitting the right form. He can't come to the federal courthouse without going to the IRS first. The motion to dismiss filed by the United States (Dckt. No. 21) is hereby granted.

In 2013, the IRS examined Fulham's taxes for 2010, 2011, and 2012 and increased his taxable income for each year. *See* Am. Cplt., at ¶¶ 16–17 (Dckt. No. 18); Pl.'s Resp. to Def.'s Mtn. to Dismiss, at 2 (Dckt. No. 29). The IRS concluded that he owed an additional $10,342 for 2010, $6,793 for 2011, and $6,217 for 2012, for a grand total of $23,352. *See* Am. Cplt., at ¶ 17. And he owed accrued interest and penalties on those amounts, too. *Id.*

But Fulham didn't pay the additional income taxes right away. So, in 2016, the IRS placed a federal tax lien on Fulham's residence for the unpaid income taxes, accrued interest, and penalties. *Id.* at ¶ 18. In October 2018, Fulham paid the income taxes, accrued interest, and penalties. *Id.* at ¶ 19. One month later, the IRS released the lien. *Id.* at ¶ 20.

But Fulham believed that he overpaid. So, on March 3, 2020, Fulham mailed the IRS a form called Form 843 (more on that later) for the 2010, 2011, and 2012 tax years, requesting a refund. *Id.* at ¶ 23; *see also* 2010 Form 843 (Dckt. No. 29-10); 2011 Form 843 (Dckt. No. 29-11); 2012 Form 843 (Dckt. No. 29-12). Later that year, he filed this lawsuit for a refund of taxes, interest, and penalties, claiming that the IRS denied his appeal rights. *See* Cplt. (Dckt. No. 1).

The United States moved to dismiss for lack of jurisdiction. *See* Def.'s Mtn. to Dismiss (Dckt. No. 9). The government argued that Fulham used the wrong form to request a tax refund. *Id.* So he didn't properly ask the IRS for a refund, which means that he filed suit too soon.

In response, Fulham amended his complaint and attached – for the first time – the correct form (Form 1040X) to the amended complaint. *See* Am. Cplt. (Dckt. No. 18); 2010 Form 1040X (Dckt. No. 18-14); 2011 Form 1040X (Dckt. No. 18-15); 2012 Form 1040X (Dckt. No. 18-16). He submitted the correct form for each of the three tax years.

But Fulham has never filed those forms – the *right* forms – with the IRS. Instead, he simply submitted them to the Court by filing them on the docket.

Now, once again, the United States moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), and moves to dismiss for failure to state a claim under Rule 12(b)(6). *See* Def.'s Mtn. to Dismiss (Dckt. No. 21). The government basically argues that Fulham has failed to exhaust his administrative remedies, so his claim does not fall within the limited scope of the waiver of sovereign immunity. He is challenging the alleged overpayment in the wrong place, at the wrong time.

Sovereign immunity shields the United States and its agencies from suit unless the government waives immunity and thus consents to suit. *See FDIC v. Meyer*, 510 U.S. 471, 475

(1994); *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *United States v. Testan*, 424 U.S. 392, 399 (1976). The United States is immune from suit, unless and until the United States says otherwise. The United States decides whether, when, and how it waives sovereign immunity. That means that the United States is free to require potential plaintiffs to jump through hoops before entering the federal courthouse.

Congress constructed such barriers when it comes to challenging the collection of taxes. The United States waived sovereign immunity for taxpayers to sue for a refund of income taxes under 26 U.S.C. § 7422. But the government only waived sovereign immunity under that section if a plaintiff first exhausts his or her administrative remedies. *See Amen Ra v. United States*, 789 F. App'x 555, 556 (2020); *Goldberg v. United States*, 881 F.3d 529, 532 (2018).

So exhausting administrative remedies is a prerequisite to suing the United States about a tax issue. That is, a taxpayer must take advantage of administrative remedies – and see if he or she can resolve the dispute with the IRS – before coming to the federal courthouse. The exhaustion of administrative remedies is not an option. "Only taxpayers who have filed timely refund claims and then exhausted these administrative procedures may sue the government for tax refunds in federal court under 28 U.S.C. § 1346 . . . ." *Goldberg*, 881 F.3d at 532.

The first step for the taxpayer is submitting a claim to the IRS for a refund. "The Internal Revenue Code specifies that before [bringing an action in federal court], the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought[.]" *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008) (citation omitted). As the saying goes, if you don't ask, you don't get. Taxpayers who want a refund must ask the IRS for a refund by submitting a claim to the IRS.

3

Federal regulations specify *how* taxpayers must file refund claims with the IRS. *See* 26 C.F.R. § 301.6402-3(a)(2), (5). Under these regulations, a taxpayer must file a Form 1040X for a claim for a refund of income taxes. *Id.*

Once a taxpayer files a claim for a refund, the taxpayer cannot file suit in federal court immediately. A taxpayer must wait for the IRS to issue a notice of disallowance of his or her administrative claim for a refund, or wait six months from the time of filing a claim for a refund, before filing suit. *See* 26 U.S.C. § 6532(a)(1).

Fulham concedes that he failed to meet those requirements. His amended complaint admits that he filed Forms 843 to request a refund, *not* Forms 1040X. *See* Am. Cplt., at ¶ 23 (Dckt. No. 18). Again, taxpayers must use Form 1040X to request a refund of income taxes. But Fulham *never* filed Forms 1040X with the IRS. *Id.* at ¶ 27; Pl.'s Resp. to Def.'s Mtn. to Dismiss, at 7 (Dckt. No. 29) ("Plaintiff then attached 1040Xs to his First Amended Complaint . . . . Plaintiff does not contend that the claim forms attached to his First Amended Complaint as Exhibits N, O, and P were ever filed with the IRS."). The Forms 1040X did not make an appearance until Fulham filed an amended complaint. *Id.*

Fulham did file Forms 843 with the IRS, but those filings can't get him where he wants to go. Form 843 is a claim for a refund of something *other than* income taxes. The top of Form 843 makes that point clear: "your claim or request involves . . . a refund of one of the taxes [] *other than income taxes* . . . ." *See* Form 843 (Dckt. No. 21-2) (emphasis added).

Nevertheless, Fulham claims that an exception, the informal claim doctrine, opens a backdoor to the federal courthouse. That doctrine does give taxpayers some latitude when they file an incomplete form or a wrong form with the IRS, and later correct it before filing suit.

4

"Taxpayers fearing that the IRS will reject their otherwise timely refund claims for failure to dot an *i* need not worry that the statutory time limit will expire before they can cure any defects." *Goldberg*, 881 F.3d at 532. The doctrine applies to the "statutory time limit," meaning the window of time to submit a claim for a refund to the IRS. *Id.*; *see also* 26 U.S.C. § 6511(a) ("Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . .").

"The informal claim doctrine allows a taxpayer's claim for a refund to survive so long as the taxpayer files some 'notice fairly advising the Commissioner of the nature of the taxpayer's claim' within the limitations period and later makes sure that all 'formal defects and lack of specificity have been remedied' by a fully compliant refund claim." *Id.* at 532–33 (quoting *United States v. Kales*, 314 U.S. 186, 194 (1941), and *Kikalos v. United States*, 479 F.3d 522, 526 (7th Cir. 2007)).

But the doctrine does not mean that a taxpayer has a foot in the door of the courthouse, so long as the taxpayer submitted *something* to the IRS. The taxpayer must file a proper claim to the IRS and cure the defect *before* filing suit. *See Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008) ("In previous cases that have applied the informal claim doctrine, the taxpayers followed their informal submissions with proper formal claims before initiating litigation.") (citing *Kaffenberger v. United States*, 314 F.3d 944, 954 (8th Cir. 2003), and *United States v. Commercial Nat'l Bank of Peoria*, 874 F.2d 1165, 1175–76 (7th Cir. 1989)); *Amen Ra ex rel. Lewis v. IRS*, 2018 WL 4404629, at *3 (N.D. Ill. 2018) ("[W]hile the informal claim doctrine allows a taxpayer's claim for a refund to survive . . . if the taxpayer has fairly advised

5

the IRS of the nature of his or her claim, the taxpayer must still file a [proper] refund claim *before* bringing suit under § 7422(a).") (citing *Goldberg*, 881 F.3d at 533), *aff'd by Amen Ra*, 789 F. App'x at 556.

A taxpayer must perfect an informal claim before filing suit because it "gives the Government a full opportunity to address the problem administratively." *Greene-Thapedi*, 549 F.3d at 533. "The informal claim doctrine is predicated on the expectation that any formal deficiency will at some point be corrected. To hold otherwise would eliminate, as a practical matter, the formal claim requirement." *Id.* (citation omitted).

The Seventh Circuit has "emphasized the importance of the requirement that a taxpayer perfect an informal administrative claim by remedying the formal defects." *Goldberg*, 881 F.3d at 533. "The perfection requirement ensures that the pragmatic judicial doctrine of informal notice does not disrupt unduly the regulatory regime created by Congress and the IRS for resolving tax disputes." *Id.*

The federal judiciary is not the IRS, and the federal courthouse is not the first place to go when seeking a tax refund. A filing with a district court by ECF is not a substitute for filing a claim for a refund with the IRS. Otherwise, the federal courts would take over the authority vested by Congress in the IRS to administer and oversee the proper collection of taxes. "If unhappy taxpayers could get around the administrative exhaustion requirement of § 7422 by sending deficient claims to the IRS and never following up, then § 7422 and the regulations governing the refund process at the IRS would be more difficult to administer." *Id.*

Here, Fulham has not exhausted his administrative remedies. He filed Forms 843 with the IRS, but Form 843 does not cover refunds for income taxes. That's the territory of Form 1040X. But Fulham never submitted a Form 1040X to the IRS.

6

Even if filing Forms 843 provided the IRS with informal notice, Fulham failed to perfect his claim before filing suit. Fulham admits that he never filed the Forms 1040X with the IRS. He only filed them with this Court. And he filed them with this Court in his first amended complaint. Filing a Form 1040X with this Court does not perfect an informal claim – it needs to go to the IRS, not the judiciary. *See Goldberg*, 881 F.3d at 533. And filing a Form 1040X after bringing suit – not before – does not perfect an informal claim, either.

So the submissions by Fulham are triply wrong. He filed the wrong form (Form 843) in the right place (the IRS). And he filed the right form (Form 1040X) in the wrong place (the federal courthouse) and at the wrong time (after filing suit, not before). Fulham did not exhaust his administrative remedies, so his suit is therefore barred by sovereign immunity.

Fulham also asserts in his response that his claim for penalties and interest is not barred because he filed Forms 843 with the IRS in March 2020. Form 843 is the proper form to seek a refund of penalties and interest. *See* Pl.'s Resp. to Def.'s Mtn. to Dismiss, at 10–11 (Dckt. No. 29).

But the amended complaint includes only one claim for a refund. *See* Am. Cplt., at ¶¶ 9–31 (Dckt. No. 18). Fulham does claim that he is entitled to a refund of the penalties plus interest, and he requests the "full sum of the overpayment." *Id.* at ¶¶ 29, 31(a). But any penalties or interest are ancillary to his claim for a refund of income taxes. Fulham's amended complaint does not even state the amount of the interest and penalties. Instead, it lists the additional income tax owed and the full sum of the overpayment. *Id.* at ¶¶ 17, 31(a).

Fulham isn't claiming that there is an erroneous penalty, or incorrect interest calculation, except to the extent that they stem from the alleged overpayment of income taxes. He claims that the IRS improperly assessed his income taxes, and that he overpaid his taxes as well as

7

accompanying penalties and interest. The interest and penalties in this case arise as a matter of law from the assessment of income tax liabilities. *See* 26 U.S.C. § 6601 (explaining the accrual of interest on unpaid taxes); 26 U.S.C. § 6621 (establishing the rate of interest on unpaid taxes); 26 U.S.C. § 6651(a), (f) (establishing penalties for failure to timely file returns and pay taxes owed); 26 U.S.C. § 6654 (detailing penalties for failure to pay estimated quarterly taxes).

Fulham is not challenging the penalties and the interest, independently. That is, he is not advancing a freestanding challenge to the penalties and interest assessed by the IRS. Instead, the challenge to the penalties and interest is dependent on his challenge to the income taxes. Fulham argues that he overpaid his income taxes, and therefore the IRS should not have assessed penalties and interest.

The challenges are intertwined, not independent. They rise or fall together. Without a challenge to the income taxes, he has no other challenge to the penalties and interest. So the Forms 843 cannot save the day.

Fulham failed to exhaust his administrative remedies, which means that he cannot bring a claim in the federal courthouse. The Court grants the government's motion to dismiss.

Date: November 30, 2021

Steven C. Seeger
United States District Judge